A. M. N. Taylor was indebted by note to defendant, and to pay off the same, purchased certain bank bills, emitted by the defendant, the Bank of Charlotte, which bills are the same, as herein sued on; that Taylor paid for these bills sixty cents in the dollar, and in order to raise the money therefor, he made a note to the First National Bank of Charlotte, depositing the bills as collateral security, on the 29th May, 1869, of $2280. This note remained unpaid for about twelve months, Taylor in the meantime becoming insolvent and unable to take up his note due to the First National Bank. This bank was about to sell the bills deposited with it for collateral, when Taylor agreed with the plaintiff Hart to sell him the bills, he, Hart, agreeing to take up Taylor's note in the First National Bank, by substituting his own therefor. This was done 24th June, 1870, the bank assenting to the arrangement. This note of the plaintiff had since been paid. Taylor had paid ten cents in the dollar on the amount of his purchase of said bills, the fifty cents thereof remaining unpaid, was to be paid from the proceeds of his note given to the First National Bank. At the time Taylor sold the bills to Hart, he, Taylor, was indebted to the Bank of Charlotte, the defendant herein, to an amount about equal to that of said bills, which debt was then due; that payment of these bank bills had been demanded of the banks of Charlotte, and the same protested for non-payment. That whilst these bills were deposited with the First National Bank as collateral, Taylor told the Cashier of the Bank of Charlotte, the defendant, that he controlled some of their (284) bills, with which he expected to settle his indebtedness to them; that he, Taylor, never had the control of the notes sued on, but that they were deposited with J. H. McAden, of the First National Bank, from whom Taylor purchased them, agreeing with that bank, that the bills should be retained as collateral security for his own note, as above set forth.
The plaintiffs, Burroughs Springs, advanced the money to pay off Hart's note to the First National Bank, and received the said bills as *Page 237 
collateral security for their debt due from Hart, and still claims a lien on the same.
Hart, at the time of his purchase of the said bank notes, herein sued upon, was aware of Taylor's indebtedness to the defendant, the Bank of Charlotte, upon which he was a surety, and had no knowledge of any other indebtedness; that he Hart, is the exclusive owner of said bank notes, subject to the lien stated; that the bank notes or bills were payable to bearer.
That since the institution of this suit, Hart, under an order of Court, has applied $2,908.67 and interest of said protested bank bills, (which were sealed up in a package,) in payment of his liabilities to the Bank of Charlotte, the defendant, as surety of Taylor, which debt had been reduced to judgment; and the notes or bills which Hart seeks to recover in this action, amounting to $1630, is the residue of said protested bills. The debt of Taylor to the Bank of Charlotte is unpaid, and has been reduced to judgment, (January Term, 1872,) amounting to $1,924.35 and interest.
If the Court is of opinion that the indebtedness of Taylor is a set-off against the demand of the plaintiffs, then judgment is to be rendered in favor of defendant; otherwise for the plaintiff.
His Honor being of opinion for the plaintiffs, gave judgment accordingly, from which defendant appealed.
This action is brought to recover on certain bills issued by the defendant.
The defense is that the bills sued on were, when the suit was (285) brought, and for sometime before had been, in fact, the property of Taylor, who was a debtor to the bank, and who agreed to apply them in payment of his debt to the bank, and the bank agreed to receive them; and the defendant demand judgment, that the debt of Taylor be set off against plaintiff's demand on the bills.
It will probably be admitted that if Taylor had retained the interest in the notes sued on, which he acquired on his purchase from McAden, the set-off pleaded would have been a good answer to the action to the extent of his interest. Now, what was Taylor's interest? It was what might be left after the payment of his note to the First National Bank for which the bank bills were pledged as collateral. The purchase and the pledge were parts of one transaction. As the bills were bought for *Page 238 
sixty cents in the dollar, and Taylor paid in cash ten cents, his estate may be taken for the present to have been one sixth. Taylor assigned all his interest to Hart. But Hart is not said to have paid any consideration beyond assuming the payment of Taylor's debt to the First National Bank, and Burroughs Springs paid no more when they purchased from Hart.
The question, then, is, did Hart take Taylor's one-sixth free from its liability to be set off by Taylor's debt to the defendant. The answer alleges that Taylor agreed with the defendant that the bank bills should be set off against his debt, and the case states that Taylor purchased them for that purpose, but it does not clearly state that he agreed with the defendant to that effect. If it had, the case would have resembled Martin v. Richardson, 68 N.C. 255. The case states, however, that while Taylor owned an interest in the bank bills, he told the cashier of the defendant bank, that he owned some of its bills (286) with which he expected to pay off his indebtedness. We think we must presume that the defendant acceded to the offer, and thus the case is brought within Martin v. Richardson. It makes no difference that Hart had no knowledge of Taylor's indebtedness on the debt now pleaded by the defendant. The rule is that an assignee of non-negotiable or dishonored notes (as the bank bills sued on were,) takes them subject to all equities, against his assignor whether he knows of them or not. Consequently Hart took Taylor's estate (supposed, for convenience, to be one-sixth) subject to the defendant's right of set-off against Taylor. As to the other five-sixths, he was not the assignee of Taylor, who never had any beneficial interest in that share, but of the First National Bank.
For convenience of discussion, we have assumed Taylor's interest in the bills at one-sixth. His real interest, however, is what may remain, after the bills are converted into money, or their value in money ascertained, and the lien which the First National Bank had, is paid off to its assignee. The bills taken out by Hart for the purpose of paying his debt as surety for Taylor, are, for the purpose of ascertaining Taylor's interest in the remaining bills, to be counted among them. Those bills were applied by Hart in his own exoneration, and such payment cannot impair the right of the defendant to have the entire interest of Taylor set off against his debt to it.
Judgment reversed, and case remanded to be proceeded in, c.
PER CURIAM. Judgment reversed.
Sc. 72 N.C. 614. *Page 239